IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION



Michael J. Mirras
Plaintiff

Vs.  CASE NO. CV-04-0626-S

Chris S. Christ
Defendant

**PLAINTIFFS' OPPOSITION TO
MOTIONS TO DISMISS OR TRANSFER**

COMES NOW the Plaintiff, Michael J. Mirras.

Plaintiff respectfully submits this memorandum in opposition to the motions to dismiss the Civil Action Complaint CV-04-0626-S.

Preliminary Statement

Plaintiff is responding in this single memorandum to all the arguments asserted in Defendants

motions to dismiss. Their motions request that this complaint be dismissed for four reasons.

1. This is an action brought pursuant to the Fair Debt Collection Practices Act,15 USC Section 1601,*et seq*., and the Fair Credit Reporting Act 15 USC Section 1681, *et seq*.

2. The Plaintiff fails to allege any action of the Defendant relating to credit reports, credit reporting, or the issuance of dissemination of credit information regarding the Plaintiff; or any act that would be in contravention of the Fair Credit Reporting Act. Thus, there is no claim stated for which relief could be granted under this provision.

3. The sum sought to be collected was not a consumer debt as defined by the Fair Debt Collection Practices Act.

4. More specifically, the obligation sought to be collected by Mr. Christ was not created by extension of credit, nor did it arise of a consensual transaction for consumer goods or services, which were primarily for the personal family or household purposes. Rather the obligation rose out of the payment of taxes to Mexican Authorities on behalf of the plaintiff required by commercial activities in Mexico.



**Plaintiffs Response:**

5. The Plaintiff finds no argument to the Defendants' first motion.
   The Plaintiff agrees that this action is brought under the Fair Debt Collection Practices Act, 15 USC Section 1601, *et seq.*, and the Fair Credit Reporting Act 15 USC Section 1681, *et seq*. As such Plaintiff finds no reason for the motion to be struck.

6. The Plaintiff submits opposition to the Defendants second motion:
   The Defendant is a 3rd party debt collector. As such the Plaintiff has no knowledge of the affiliations and practices of the defendant. The Plaintiff has no way of knowing if this action is won by the Plaintiff, what retaliatory action the defendant would in-act if any. Also based on letters presented to the Plaintiff by the Defendant with statements indicating entry <u>would</u> be made into Plaintiffs credit reports. As such the Plaintiff seeks protection under the FCRA which is within the jurisdiction of this honorable court. Federal Trade Commission opinion letter attached. Appendix B.

7. The Plaintiff submits opposition to the Defendants third motion:
   The alleged debt is a consumer debt as outlined in the Debt Collection Practices Act. However the debt is not in question here. But the fact as to how it was or was not validated and wrongful actions of the Defendant in an attempt to collect this debt violated the civil rights of the Plaintiff and the law as outlined in the Debt Collection Practices Act 15 USC 1601 *et. seq.* and 1996 U.S. Dist. LEXIS 22555, * DEBRA TYCHEWICZ, Plaintiff, v. RICHARD DOBBERSTEIN d/b/a CREDIT ASSOCIATES, Defendant. 96-C-0195-S

8. The Plaintiff submits opposition to the Defendants fourth motion:
   Counsel for the Defendant is trying to impose UCC law on this issue. The Plaintiff is <u>NOT</u> a business, partnership, company, corporation or an L.L.C. but an individual United States Citizen as such Commercial Law does not apply and has no bearing on this civil action. The IRS when collecting tax debt uses third party collectors to collect taxes and those collectors, as well as all other debt collectors are governed under the FDCPA 15 USC 1601 *et. seq.* as outlined in Section 803(6). Also the alleged debt was initiated and signed by Plaintiff while in Mexico. Based on this information, it is respectfully believed that Mexican tax issues are outside the jurisdiction of this honorable court.

WHEREFORE PREMISES CONSIDERED the Plaintiff requests that this action move forward and motions to dismiss respectfully not granted.

*[signature]*
Michael J. Mirras
18494 Whispering Meadows Blvd.
Vance, AL. 35490-2549
(205) 462-2076

## Certificate Of Service

I hereby certify I have served a copy of the forgoing Motion Not to dismiss on David E. Hodges, Counsel for the Defendant at 205 20th Street North Suite 933, Birmingham, AL. 35203 by Ceritfied U.S. Mail postage pre-paid on this 10th day of May 2004.

*[signature]*

## Appendix B -- Opinion Letters

### Opinion letter regarding whether or not a collection agency can report your listing to a CRA if they have not verified the debt

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Federal Trade Commission

December 23, 1997

Robert G. Cass
Compliance Counsel
Commercial Financial Services, Inc.
2448 E. 81st Street, Suite 5500
Tulsa, OK 74137-4248

Dear Mr. Cass:

Mr. Medine has asked me to reply to your letter of October 28, 1997, concerning the circumstances under which a debt collector may report a "charged-off debt" to a consumer reporting agency under the enclosed Fair Debt Collection Practices Act. In that letter, you pose four questions, which I set out below with our answers.

I. "Is it permissible under the FDCPA for a debt collector to report charged-off debts to a consumer reporting agency during the term of the 30-day validation period detailed in Section 1692g?" Yes. As stated in the Commission's Staff Commentary on the FDCPA (copy enclosed), a debt collector may accurately report a debt to a consumer reporting agency within the thirty day validation period (p. 50103). We do not regard the action of reporting a debt to a consumer reporting agency as inconsistent with the consumer's dispute or verification rights under § 1692g.

II. "Is it permissible under the FDCPA for a debt collector to report, or continue to report, a consumer's charged-off debt to a consumer reporting agency after the debt collector has received, but not responded to, a consumer's written dispute during the 30-day validation period detailed in § 1692g?" As you know, Section 1692g(b) requires the debt collector to cease collection of the debt at issue if a written dispute is received within the 30-day validation period until verification is obtained. Because we believe that reporting a charged-off debt to a consumer reporting agency, particularly at this stage of the collection process, constitutes "collection activity" on the part of the collector, our answer to your question is No. Although the FDCPA is unclear on this point, we believe the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls. Of course, if a dispute is received after a debt has been reported to a consumer reporting agency, the debt collector is obligated by Section 1692e(8) to inform the consumer reporting agency of the dispute.